UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Marqus Leon Brown,	Case No. 5:14-cv-2288

    Petitioner

v.	MEMORANDUM OPINION

Christopher LaRose,

    Respondent

Before me is the March 22, 2016 Report and Recommendation of Magistrate Judge Nancy A. Vecchiarelli, recommending denial of Petitioner Marqus Leon Brown's action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 24). Also before me are the Petitioner's objections. (Doc. No. 27). For the reasons stated below, I adopt the Magistrate Judge's recommendations as set forth in the Report and Recommendation.

### I. APPLICABLE LEGAL STANDARD

A district court must conduct a *de novo* review of "any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject or modify the recommended disposition, receive further evidence, or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also Norman v. Astrue*, 694 F.Supp.2d 738, 740 (N.D. Ohio 2010). "De novo determination requires 'fresh consideration' of a magistrate judge's recommendation, independent of the magistrate judge's conclusions." 14 MOORE'S FEDERAL PRACTICE § 72.11[2][a] (3d 2017). In conducting a de novo review, the court need not conduct a

de novo hearing on the matter. *Lifeng Chen v. New Trend Apparel, Inc.*, 8 F.Supp.3d 406, 416 (S.D.N.Y. 2014), citing *United States v. Raddatz*, 447 U.S. 667, 675-76 (1980).

## II. REPORT AND RECOMMENDATION

Magistrate Judge Vecchiarelli's Report initially set forth the background as contained in the state court appellate opinion. She then detailed the state court proceedings and filings in this Court. As there are no objections to this portion of the Report, it is incorporated and adopted as set forth.

Contained in that recitation of the background are the grounds for relief in the petition and amended petition as follows:

    I.      There was insufficient evidence to sustain the convictions.

            Supporting Facts: The accused did not match the description of the assailant, (assailant said to have short curly hair), the accused is bald. The DNA evidence came from a beer bottle outside the residence in the same apartment complex where the accused lived. Semen found on the bedding was not the accused, and other DNA evidence was inconclusive.

    II.     Prejudicial prosecutorial misconduct prohibited the Defendant from receiving a fair trial in violation of the 5th, 6th, & 14th Amendments.

    III.    The trail [*sic*] courts [*sic*] improper jury instruction denied the Defendant a fair trial in violation of the 5th, 6th, & 14th Amendments.

            Supporting Facts: The state court instructed the facts upon which an expert witness's opinion was based need only to prove by a "greater weight of the evidence." This lowered the burden of proof to something less that [*sic*] beyond a reasonable doubt.

    IV.    When a defendant is sentenced contrary to law due to multiple errors at sentencing, does this result in a deprivation of due process and double jeopardy in violation of the Ohio and U.S. Constitutions?

    V.     When an appellant files a praecipe and docketing statement to provide the reviewing court with a copy of the transcript for the appeal, and the clerk fails to do so, and the appellate court denies hearing the issue for the appellant failing to file a transcript

> with the court, does this violate due process for the appellant in violation of the Ohio and U.S. Constitutions?

(Doc. No. 24 at pp. 9-10).

### III. OBJECTIONS

Objections by *pro se* litigants are to be interpreted leniently and liberally construed. *Erickson v. Pardus*, 551 U.S. 89 (2007). A petitioner must make specific objections to a magistrate's report in order to preserve his claims for appellate review. *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). These objections "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). *See also Austin v. Bedford Township Police Dep't*, 859 F.Supp.2d 883, 888 (E.D. Mich. 2011).

In this case, the Petitioner objects to the Magistrate Judge's recommendations as to the first three grounds for relief. As he does not object to the fourth and fifth grounds for relief set forth in his amended petition, I adopt the Recommendation as to those aspects of the Report. I now turn to address the objections in the order presented by the Petitioner.

A. Petitioner's Objection as to the Third Ground for Relief

In his first objection:

> Petitioner objects to the Magistrate's recommendations that the claim presented under Ground for Relief Three should be dismissed based on procedural default without first considering and extending the fundamental miscarriage of justice exception that has been deeply rooted in habeas corpus from its conception and maintained even after the significant limitations set in place by the AEDPA.

(Doc. No. 27 at p. 2).

As to this claim the Magistrate Judge found the claim was raised on direct appeal. The state appellate court did not conduct a merits review because the Petitioner did not lodge an objection to this instruction at trial. The state appellate court did review the claim for plain error and found

3

none. *State v. Brown*, No. 2012CA00040, 2013 WL 2390254 at *6 (2013). The Magistrate Judge then concluded the claim to be procedurally defaulted because the state court clearly and expressly relied on a state procedural bar despite their alternative merits analysis. *See Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989). In addition, the Magistrate Judge noted Petitioner did not argue cause for, or prejudice resulting from his procedural default. She also noted he did not contend actual innocence to excuse his procedural default.

The Magistrate Judge also determined this ground for relief was not cognizable on federal habeas review as it was based on an alleged error of state law. This was because the Petitioner did not show there was an error in admitting this evidence nor was the alleged error so grievous that it undermined the fundamental fairness of the trial. For these reasons, the Magistrate Judge found the claim was not recognizable for habeas review.

Petitioner objects to these findings arguing review on the merits is warranted "because it so infected the entire trial that the resulting conviction violates due process." (Doc. No. 27 at p. 3). Petitioner is correct insofar as the standard for obtaining habeas relief on an improper state-court jury instruction requires: "a petitioner must show that 'the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process, not merely whether the instruction is undesirable, erroneous, or even universally condemned.'" *Patterson v. Caruso*, 219 Fed. Appx. 451, 454 (6th Cir. 2007), citing *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977). In reviewing the Petitioner's objections, including the arguments asserted in his amended traverse, he fails to make this showing. Accordingly, Petitioner's objection as to his third ground for relief is denied.

B. Petitioner's Objection to the First Ground for Relief

The Petitioner's second objection challenges the "Magistrate's findings that the state court's decision that the jury made a rational decision to convict petitioner based on sufficient evidence was neither contrary to, nor an unreasonable application of, Jackson v. Virginia, and it[sic] progeny." (Doc. No. 27 at p. 5). Specifically, the Petitioner takes issue with the Ohio appellate court's decision

4

which he claims was contrary to, and involved an unreasonable application of the Supreme Court's holding in *Jackson* because:

> The evidence the prosecution relied on to support its case-in-chief is DNA allegedly collected from the victim that somehow yielded a profile that matched Petitioner, and the testimony of the victim herself. Therefore, the DNA evidence and testimony of the victim are subject to review under Jackson to determine whether Petitioner's conviction is supported by sufficient evidence.

(*Id.* at p. 6).

In her Report the Magistrate Judge discussed the holding of *Jackson*, noting, "[T]he *Jackson* inquiry does not focus on whether the trier of fact made the correct guilt or innocence determination, but [ ] whether it made a rational decision to convict or acquit. *Herrera v. Collins*, 506 U.S. 390, 401 (1993)." Next, the Magistrate Judge discussed the two levels of deference afforded to a sufficiency of the evidence claim. *See Tucker v. Palmer*, 541 F.3d 652, 656 (6th Cir. 2008). She then set forth the relevant part of the state appellate court opinion on this issue. The Magistrate Judge then carefully discussed each of Petitioner's arguments before determining he was unable to overcome the "nearly insurmountable hurdle" to succeed on his claim, citing *Davis v. Lafler*, 658 F.3d 525, 534 (6th Cir. 2011).

In his objection, the Petitioner reiterates arguments as to the DNA evidence, the testimony of the victim, the circumstantial evidence, and the exculpatory evidence which includes his alibi, semen on the bedspread, and other issues as to the identification of the perpetrator. (Doc. No. 27 at pp. 7-17). He claims that in viewing the evidence in a light most favorable to the prosecution, under *Jackson*, no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, which is a contrary finding of the state appellate court. I disagree.

In *Jackson v. Virginia*, 443 U.S. 307 (1979), the Supreme Court "held a state prisoner is entitled to habeas corpus relief if a federal judge finds that 'upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt.'" *Id.* at 324,

99 St. Ct. 2781." *McDaniel v. Brown*, 558 U.S. 120, 121 (2010). The *Jackson* Court addressed the inquiry under a sufficiency of the evidence argument as follows:

> [T]he critical inquiry on review of the sufficiency of the evidence to support a criminal conviction must be not simply to determine whether the jury was properly instructed, but to determine whether the record evidence could reasonably support a finding of guilty beyond a reasonable doubt. But this inquiry does not require a court to "ask itself whether *it* believes that the evidence at trial established guilt beyond a reasonable doubt." *Woodby v. INS*, 385 U.S., at 282, 87 S.Ct., at 486 (emphasis added). Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See *Johnson v. Louisiana*, 406 U.S., at 362, 92 S.Ct, at 1624-1625. This familiar standard give full play to the responsibility of the trier of fact to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. Once a defendant has been found guilty of the crime charged, the factfinder's role as weigher of the evidence is preserved through a legal conclusion that upon judicial review *all of the evidence* is to be considered in the light most favorable to the prosecution. The criterion thus impinges upon "jury" discretion only to the extent necessary to guarantee the fundamental protection of due process of law.

*Jackson*, at 318-19. (Emphasis in original and footnotes omitted).

In this instance, the state appellate court considered the Petitioner's arguments noting that reversing a conviction as against the manifest weight of the evidence was "reserved for only the 'exceptional case in which the evidence weighs heavily against the conviction.'" *State v. Brown*, 2013 at *3. Petitioner's objections are the same arguments raised before the Magistrate Judge and the state court on his direct appeal. Having carefully reviewed Petitioner's argument, objections, and the state appellate opinion in his appeals, I do not find this to be an exceptional case or that jury's determination was unreasonable. Petitioner's objection as to his first ground for relief are overruled.

C. Petitioner's Objection as to the Second Ground for Relief

The Petitioner's final objection takes issue with the Magistrate Judge's finding he failed to demonstrate he was denied a fair trial due to the prosecutorial misconduct during closing argument.

In her Report, the Magistrate Judge analyzed Petitioner's claim under *Darden v. Wainwright*, 477 U.S. 168 (1986), addressing the standard for prosecutorial misconduct in habeas cases. The

6

Report also quoted from the state appellate court opinion which addressed the offending statement by the prosecutor in closing argument:

> {¶ 36} In the instant case, during rebuttal argument, the prosecutor stated: " * * * Now, they have brought into play what [appellant] was doing and where he was. Now he has something to prove. He has said I have an alibi, I wasn't there. He needs to prove it. He needs to prove it beyond a reasonable doubt and he brought in—" Defense trial counsel immediately objected, the trial court sustained the objection, and gave a limiting instruction per counsel's request. The trial court instructed the jury that the prosecutor's statement was not a correct statement of the law and instructed the panel to disregard the statement. In final jury instructions, the trial court again properly instructed the jury on alibi.
>
> {¶ 37} Upon reviewing the prosecutor's remark in the context of the entire trial, we do not find it prejudicially affected the substantial rights of appellant. The jury is presumed to follow the instructions of the trial court. *Pang v. Minch*, 53 Ohio St.3d 186, 187, 559 N.E.2d 1313 (1990), paragraph four of the syllabus. Appellant has not pointed to any evidence in the record that the jury failed to do so in this case. The comment was an isolated incident in an otherwise proper argument, in a presentation of overwhelming evidence against appellant, as discussed supra.
>
> {¶ 38} Appellant cannot establish that but for the prosecutor's incorrect statement of the law, the outcome of his trial would have been different. Appellant's second assignment of error is overruled.

*State v. Brown*, 2013 WL 2390254 at *5-6. The Magistrate Judge found the Petitioner was unable to demonstrate that the state appellate court decision was contrary to or an unreasonable application of *Darden*.

Here Petitioner's objection challenges the prosecutor's remarks and the trial court's limiting instruction. Specifically, he claims the "trial court's instruction was not consistent with clearly established federal law. It, in essence, confirmed the false statement of law made by the prosecutor. As a result, it affected the jury's ability to consider Petitioner's alibi defense. The jury most likely ignored it altogether." (Doc. No. 27 at pp. 18-19). I disagree.

As the Magistrate Judge noted, the Petitioner's argument (also presented to her) was misplaced as it concerned state law, not federal law. As the Petitioner offers nothing new in this renewed argument nor any persuasive case law to support his position, his objection as to this ground for relief is likewise denied.

7

## IV. Conclusion

For the reasons stated above, the March 22, 2016 Report and Recommendation of Magistrate Judge Vecchiarelli (Doc. No.24) is adopted as the Order of this Court. The Petition and Amended Petition are dismissed with prejudice.

A habeas corpus petitioner is not entitled to a certificate of appealability as a matter of right, but must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner need not demonstrate he should prevail on the merits. Rather, a petitioner must demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). In this case, Mr. Brown's petition does not meet this standard.

For the reasons set forth in this decision, I certify there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge